UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

STEPHAN BYRD,                          :
                                       :
         Plaintiff,                    :    Civ. No. 19-6879 (FLW) (LHG)
                                       :
    v.                                 :
                                       :
LT. MATTHEW FINLEY et al.,             :    **MEMORANDUM OPINION**
                                       :
         Defendants.                   :
_____:

**FREDA L. WOLFSON, U.S.D.J.**

Plaintiff, Stephan Byrd ("Byrd" or "Plaintiff"), a federal pretrial detainee, filed *pro se* with the Court a complaint alleging claims under 42 U.S.C. § 1983. The filing fee for a civil complaint is $400.00. If a prisoner plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A prisoner who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id*.

Even if a prisoner is granted *in forma pauperis* status, **he must pay the full amount of the filing fee of $350.00 in installments**. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal

to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case.[1] The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, Byrd has submitted an affidavit to proceed *in forma pauperis* accompanied by a computer-generated inmate statement that lists transactions from October 11, 2018, through January 23, 2019. (ECF No. 1-2.) This *in forma* pauperis application fails to comply with the requirements of 28 U.S.C. § 1915(a)(2) because the account statement is not certified by the appropriate institutional official and it only includes transactions from a period of less than four months, not the required six. Accordingly, Byrd's application to proceed *in forma pauperis* will be denied without prejudice. The Clerk will be ordered to administratively close this case. Byrd

---

[1] Among other potential grounds for preliminary dismissal, I note that Byrd seems to acknowledge that large swathes of his complaint are facially untimely under the applicable two-year limitations period. (*See* ECF No. 1, at 70–71.) While I am not examining the merits of Byrd's claims, Byrd is well advised as to the strong likelihood that his claims, as pled, against prosecutors and judges would be barred by the doctrines of prosecutorial and judicial immunity. *See Butz v. Economou*, 438 U.S. 478 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Indeed, general attempts to challenge federal criminal charges "should properly be raised in [the] ongoing criminal proceedings." *Telfair v. Tandy*, Civ. A. No. 08-731 (WJM), 2008 WL 4661697, at *10 (D.N.J. Oct. 20, 2008).

may reopen this action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application and certified account statement.

DATED:  February 27, 2019                                          /s/ Freda L. Wolfson
                                                                   FREDA L. WOLFSON
                                                                   United States District Judge